IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

----

KATHLEEN CHANDLER,

   Plaintiff,

  v.

ARIZONA PARTNERS RETAIL
INVESTMENT GROUP, LLC, an
Arizona Limited Liability
Company, Does 1 to 20

   Defendants.

No. Civ. S-04-2218 DFL JFM

<u>Memorandum of Opinion
   and Order</u>

----

  Plaintiff Kathleen Chandler moves for a new trial on two grounds: (1) the court should not have dismissed her negligence per se claim, and (2) even if her negligence per se claim was correctly dismissed, the court should have allowed her to argue that the ramp was illegal under the Americans with Disabilities Act ("ADA"). Defendant Arizona Partners moves for sanctions on grounds that Chandler unjustifiably refused to answer certain pretrial requests for admission in the affirmative. Both motions are DENIED.

I.

The court reaffirms the pretrial order dismissing Chandler's negligence per se claim. Even if the ramp violated the ADA, Chandler lacks standing to bring a claim for negligence per se because she is not a member of the class of persons the ADA seeks to protect, and her injury is not of the kind the ADA seeks to prevent.

Also without merit is Chandler's assertion that she should have been allowed to show the ramp's alleged noncompliance with the ADA as evidence of negligence. Chandler failed to show or make any proffer of how such evidence would have been relevant.[1] For these reasons, Chandler's motion for a new trial is DENIED.

II.

Arizona Partners moves for sanctions under Fed. R. Civ. P. 37 on grounds that Chandler unjustifiably denied four pre-trial requests for admission. The requested admissions were (1) plaintiff was negligent at the time of the accident; (2) plaintiff's negligence was the legal cause of her injuries; (3) Arizona Partners was not negligent; and (4) Arizona Partners did not cause her injuries. Rule 37 allows the court to award costs and fees flowing from a party's unjustified failure to answer

---

[1] On the other hand, Chandler was permitted to offer evidence and to argue that the ramp's alleged noncompliance with the California Building Code specifications for ramps was evidence of negligence. See Jury Inst. 10.

2

pretrial requests for admission.  Arizona Partners argues that Chandler's denials were "made without a reasonable ground or a good faith belief that [she] might prevail on the issue."

Arizona Partners' argument with respect to the first two requests for admission is that because the jury found that Arizona Partners was not negligent, "the clear inference is that the jury found Ms. Chandler to be 100% at fault for the accident."  This does not follow.  Not every accident is caused by negligence.  Sometimes people trip and fall even when they are being reasonably careful.  The jury's finding that Arizona Partners was not negligent does not imply that it found Chandler negligent.

Arizona Partners' argument with respect to the second two requests for admission is also without merit.  The defendant argues that Chandler lacked any reasonable basis for refusing to admit that Arizona Partners was not negligent.  But at trial, Chandler presented expert testimony that the ramp was unreasonably dangerous.  Given this evidence, it is not fair to say that Chandler lacked a reasonable basis to deny the requests for admission.  Moreover, Arizona Partners could have brought a motion for summary judgment, but did not.

Accordingly, Arizona Partners' motion for sanctions is DENIED.

1
2
3
4
5
6
7
8
9
...
28

CONCLUSION

For the reasons discussed above, Chandler's motion for a new trial and Arizona Partners' motion for sanctions are DENIED.

IT IS SO ORDERED.

Dated:   February 5, 2007



_____
DAVID F. LEVI
United States District Judge

4